In the Matter of ALICE TEETER, on Behalf of Herself and Her Minor Daughter, ELIZABETH TEETER, Respondent, v. RICHARD PRUIKSMA et al., Appellants, and JAMES REED, as Director of the Monroe County Department of Social Services, Respondent.

In the Matter of ALICE TEETER, on Behalf of Herself and Her Minor Daughter, ELIZABETH TEETER, Respondent, v. RICHARD PRUIKSMA et al., Appellants, and JAMES REED, as Director of the Monroe County Department of Social Services, Respondent.

Fourth Department, March 6 1975.

*Winchell, Connors & Corcoran (Charles Hall* of counsel), for appellants.

*Daniel F. Cashman* for Alice Teeter, respondent.

*James Robinson* for James Reed, respondent.

*Ruth B. Rosenberg,* Law Guardian for April Teeter, infant.

*Per Curiam.* Petitioner Elizabeth Teeter, born on September 1, 1957, is 17 years old. At 14 years of age, on July 17, 1972 she gave birth out of wedlock to a daughter, April Teeter. On November 22, 1972 she requested respondent James Reed as Director of Monroe County Department of Social Services to assume temporary care of April. The department accepted April and on that day placed her with respondents-appellants Richard Pruiksma and June Pruiksma, his wife, who are licensed and certified as foster parents in Monroe County, and instructed them to give April suitable foster care assistance in behalf of the department. Respondents Pruiksma received April for such purpose and have cared for her ever since. On a half dozen occasions during the ensuing 20 months Elizabeth visited her daughter at the home of the Pruiksmas, and on some occasions asked to have April returned to her, but was told it was too early for that. In the late spring or early summer of 1974 she requested the return of her daugh-

ter and was rebuffed, and in August she and her mother, Alice, instituted this habeas corpus proceeding against respondents Pruiksma and Reed in the Supreme Court, Monroe County, demanding the return of April to Elizabeth. Respondent Reed promptly replied to the petition and alleged that the health and welfare of April require that the court conduct a hearing to determine the child's best interests. On the return date Supreme Court transferred the proceeding to Monroe County Family Court. Respondents Pruiksma then interposed a reply to the petition, alleging that petitioner Elizabeth has shown very little interest in April, that she is unprepared to care for April, and that it would be contrary to the best interests of April for her to be returned to her mother. They requested a hearing pursuant to section 392 of the Social Services Law for the court to determine the best interests of April.

It appears that pending consideration of the matter by Family Court the court suggested that petitioner have certain visitation privileges with April and she was accorded such privileges to a limited extent. The matter was set down for a hearing in Family Court for January 16, 1975, but before such date petitioners moved for summary judgment for the return of April, on the ground that respondents had not alleged that petitioner mother had abandoned April or was unfit to care for her. The court reserved decision on the motion; and on January 16, since April was not presented to the court and respondents Pruiksma declined to state where she was at the time, the court, without a hearing, ordered that respondent Reed transfer her from the care of respondents Pruiksma into another foster home pending further consideration of the case. The court proceeded to take testimony from petitioners, and started to take the testimony of an expert, a physician specializing in psychiatry, presented by respondents Pruiksma, when, on January 17, it decided to grant petitioners' motion for summary judgment for the return of April to Elizabeth. At that time the order of January 16 for the transfer of April to another foster home had not been executed, and the court stated that its order of January 17 superseded the prior order.

Respondents Pruiksma appeal both orders, and assert that the court erred in not completing the hearing before granting either order.

A Law Guardian for baby April had been appointed by the court, and although he interposed no pleading in her behalf, he did request that the court conduct a hearing before ordering April to be returned to petitioner. By order of Family

Court a substitute Law Guardian for April has been desig-
nated. The new guardian has filed affidavits in the proceed-
ing in this court, averring facts to show that petitioner Eliza-
beth is an incapable and unfit mother and that it would be con-
trary to the interests and rights of April to be returned to
petitioner. The Law Guardian contends that April has rights
independent of those of either her mother or the foster par-
ents, and she asks for reversal of the orders of Family Court
and for a full hearing as a basis for Family Court determin-
ing the best interests of April before changing her custody.
She further asks that (1) she be granted permission to inter-
pose in Family Court a pleading in behalf of April in response
to the petition, (2) that this court order Family Court to direct
her (a) to make an independent investigation of April's best
interests with respect to custody, and (b) at court expense to
have psychiatric examinations made of petitioners and respond-
ents Pruiksma, and (3) that we direct Family Court to deter-
mine April's custody unrestricted by any presumption in favor
of any party hereto.

At the incomplete hearing conducted in Family Court, Eliza-
beth testified that she was before Family Court as a person
in need of supervision at the time that she signed the request
to respondent Reed to assume the care of April, and that at
that time a representative of respondent Reed told her that
when she finished school she could have April returned to her.
The affidavits submitted by the Law Guardian indicate that at
that time April was in serious condition from gross lack of care,
and that there are serious questions as to Elizabeth's rationality.

It is the law of New York that '' absent abandonment of the
child, statutory surrender outstanding, or the established unfit-
ness of the [natural] mother '', the court has no power to
deprive the natural mother of custody of her child (*Matter of
Spence-Chapin Adoption Serv.* v. *Polk,* 29 N Y 2d 196, 199;
Domestic Relations Law, § 111). From the incomplete rec-
ord in this case, it would appear that no case for abandonment
can be made out (see *Matter of Susan W.* v. *Talbot G.,* 34 N Y
2d 76; cf. *Matter of Maxwell,* 4 N Y 2d 429) and the surren-
der document indicates that Elizabeth released April to respond-
ent Reed for temporary care only. Respondent Reed placed
April with the Pruiksmas as foster parents only. Except as
might be asserted under section 392 of the Social Services
Law the Pruiksmas as foster parents have no right to con-
tinue the foster care of April. In light of Pruiksmas' conduct
in this case in Family Court, respondent Reed by his cross

reply and his position in Family Court terminated their right to continue as foster parents of April. Section 392 of the Social Services Law is not available to aid the Pruiksmas because when this proceeding was instituted April had not been in their custody for the required 24 months. The Pruiksmas may not be rewarded by being granted status under that section by reason of their delaying actions after petitioner sought the return of April. Family Court, therefore, was correct in granting summary judgment against respondents Pruiksma. In the best interests of April, however, respondent Reed may continue placement of April with the Pruiksmas pending the Family Court determination following the new hearing. From the papers submitted on this appeal, we think that the fundamental rights and interests of the infant are such that the court should not have ordered April's return to her mother without a hearing concerning the latter's fitness to care for her.

The papers before us, some of which were not before Family Court, indicate that the mother, Elizabeth, and April were in Family Court on November 21, 1972 substantially on a child neglect charge, maintainable under article 10 of the Family Court Act. By reason of Elizabeth's written request of respondent Reed on November 22, 1972 that he assume temporary care of April, no further proceeding under section 1021 et seq. of the Family Court Act was taken. In view of article 10, clearly Family Court could not order April's return to her mother without a hearing (see Family Ct. Act, § 1028). At such hearing the averments in the affidavits submitted by the Law Guardian may be explored. In the interest of completely resolving this sensitive question at the hearing the Law Guardian should be permitted to develop the record fully. We think, also, that the Law Guardian's request is proper that petitioners submit to psychiatric examinations, results of which may be adduced at the hearing to aid the court in its determination of the issues herein. We point out, however, that "the issue is not * * * whether one choice of custody or another is better for the child, or * * * whether * * * [respondents Pruiksma] * * * would raise the child better than would the unwed mother [Elizabeth], or which cultural or family background would be best for the child * * *. Nor is the issue whether natural parents or adoptive parents make 'better' parents * * *. The power of the State, let alone its courts, is much narrower. Child and parent are entitled to be together, unless compelling reason stemming from dire circumstances or gross misconduct forbid it in the para-

mount interest of the child" (*Matter of Spence-Chapin Adoption Serv.* v. *Polk,* 29 N Y 2d 196, 198–199, *supra*).

In the event that following the hearing Family Court should determine that the mother is unfit to receive the return of custody of April, respondent Reed may, in his discretion, continue April in the temporary care of the respondents Pruiksma or proceed to place her with them for adoption.

The hearing herein directed should proceed promptly.

MARSH, P. J., SIMONS, MAHONEY, GOLDMAN and WITMER, JJ., concur.

Order of January 17, 1975 insofar as it grants summary judgment to petitioners for the return of April to her mother unanimously reversed, and order insofar as it grants summary judgment against respondents Pruiksma unanimously affirmed, without costs, and matter remitted to Monroe County Family Court for further proceedings in accordance with *Per Curiam* opinion.

Order of January 16, 1975 unanimously vacated without costs, in accordance with *Per Curiam* opinion.