■    In the Matter of SANTO J. CARAVELLO, Petitioner, v BOARD OF EDUCATION, NORWICH CITY SCHOOL DISTRICT, CHENANGO COUNTY, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Otsego County) to review a determination of the Board of Education of the Norwich City School District, terminating petitioner's employment. Petitioner, a tenured teacher, was continuously employed by respondent as a guidance counsellor for a period of approximately 17 years. On September 4, 1973, acting pursuant to section 3020-a of the Education Law, respondent determined there was probable cause to issue charges against petitioner and, effective immediately, suspended him without pay pending a hearing and determination of the charges. Petitioner was given written notice of such charges, as follows: "Insubordination: Dr. Caravello, from time to time, and particularly

since Mr. Palmer became Director of Guidance, has been insubordinate to Mr. Palmer, Director of Guidance, to Mr. Swaab and Mr. Preuss, High School Principals, and to Mr. Hunt, Superintendent, in that he has refused to counsel the students appropriately, work normal working hours, come to Director of Guidance Office to discuss guidance problems privately, complete forms and follow established procedures, attend meetings, etc." and "Conduct Unbecoming a Teacher: In addition to the items mentioned under insubordination, Dr. Caravello has failed to live up to the standards of professional competence expected. Dr. Caravello has been arrested by the Norwich City Police and charged with petty larceny following an alleged shoplifting incident at the Norwich Broad Street Victory Store on August 6, 1973." Petitioner requested a hearing and respondent thereafter furnished him with a bill of particulars upon a demand therefor. A hearing was held before a panel, pursuant to section 3020-a, which made findings and recommendations. The panel found many acts of unprofessional conduct, and recommended on the matter of alleged insubordination that petitioner be reinstated with back pay to September 1, 1973, with a fine levied of not more than $1,000. As for the charge of conduct unbecoming a teacher, the panel found that the testimony failed to substantiate that such conduct in any way impaired the effectiveness of petitioner's role as a counsellor and it recommended no further penalty. After receipt of the panel's findings and recommendations, the respondent board, on March 7, 1974, met at special session and terminated petitioner's employment, retroactive to the suspension date of September 4, 1973. Respondent's resolution of dismissal recites the fact that all of the board members had read the transcript of the hearing and the findings and recommendations of the tenure panel, and on the basis of the evidence presented to such panel contained in the transcript of the proceeding, the board rendered its decision. Respondent found petitioner guilty of all charges of insubordination and conduct unbecoming a teacher. The board's resolution sets forth the specific testimony and the factual basis for such final decision. It is apparent, therefore, that there was compliance with amended regulations of the Commissioner of Education. (8 NYCRR 82.10 [h] and 82.11.) There was no authority, however, to withhold compensation during the period of petitioner's suspension. *(Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse, 35 NY2d 534.)* Petitioner was entitled to be paid his salary, less any interim earnings from September 4, 1973 to March 7, 1974, the date on which respondent terminated his services after the hearing. Petitioner's primary contention is that the charges were not supported by substantial evidence, and the board's determination to terminate his employment, therefore, was not warranted. We do not agree. From a reading of the record in its entirety, we find abundant credible evidence to support the charge of insubordination. It is significant that petitioner guardedly denied this charge in that he had never "knowingly" been insubordinate. The panel, in rejecting the charge of conduct unbecoming a teacher, found that no evidence of misconduct was presented which directly affected the efficiency of petitioner's role as a counsellor. Respondent board, however, was not bound by the panel's finding. There is ample proof in the record, which was properly considered by the board, that petitioner was involved in three separate incidents of shoplifting and had a reputation as such in the community. Such behavior, although not directly connected with his work as a guidance counsellor, clearly could be found to be conduct unbecoming a teacher. While section 3020-a of the Education Law makes no provision for a bill of particulars to be furnished, respondent served a detailed bill amplifying the stated

charges. Under these circumstances, the hearing panel and the board were, thus, limited to the charge and specifications as they were set forth in the bill of particulars. Petitioner cannot complain that other incidents of unprosecuted shoplifting were considered by the board which were not specified in the notice, particularly in view of the fact that he demanded such information in the following language: "If this charge is not based wholly upon the arrest, state what other incidents, if any, will be further alleged against the defendant." This request and compliance with it distinguishes the instant case from *Matter of Soucy v Board of Educ. of North Colonie Cent. School Dist. No. 5* (41 AD2d 984) and other cases relied upon by petitioner as a deprivation of due process. We find it of no consequence that the hearing panel in its report referred to petitioner's mental health, since it was merely a gratuitous consideration on the part of the panel and clearly was not a factor in the board's determination. Finally, upon the record before us, we do not find petitioner's dismissal to be disproportionate to the offense, nor can we say it is shocking to one's sense of fairness. *(Matter of Ahsaf v Nyquist,* 37 NY2d 182; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222.) Determination modified, on the law and the facts, so as to direct payment to petitioner of back salary which was withheld during the period of his suspension to the date of his termination by respondent, subject to an offset of all earnings which he may have had from other employment during such period, and, as so modified, confirmed, without costs. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.