■ In the Matter of JOHN S. McKINNEY, Petitioner, v BOARD OF EDUCATION OF HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT No. 5, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated July 15, 1974 and made after a hearing, which found petitioner guilty of certain charges and dismissed him from his employment as a tenured teacher. Petition granted to the extent that the determination is modified, on the law, to the extent that the respondent is directed to pay petitioner his salary for the period of his suspension (Sept. 1, 1973–July 15, 1974), less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received during such period. As so modified, determination confirmed, and petition otherwise dismissed on the merits, without costs or disbursements. We hold that the determination of petitioner's guilt was based upon substantial evidence and that the punishment of dismissal was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). The mere fact that the panel recommended a lesser penalty is not binding upon the board (see *Matter of Caravello v Board of Educ.,* 48 AD2d 967). However, petitioner is entitled to back pay for the time from his suspension until the determination of the charges preferred against him (see *Matter of Jerry v Board of Educ.,* 35 NY2d 534), and the board is permitted to credit against the teacher's back salary all earnings which he may have had from other employment during the period of suspension (see *Matter of Lezette v Board of Educ.,* 35 NY2d 272; *Matter of Jerry v Board of Educ., supra).* Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ In the Matter of ALLEN H. P., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeals are from (1) an order of the Family Court, Westchester County, dated April 8, 1976, which, after a fact-finding hearing, determined that appellant had committed acts which, if done by an adult, would constitute a crime and (2) from a further order of the same court, dated September 7, 1976, which suspended the judgment on condition that appellant continue to be adequately supervised and supported by his parents. Appeal from the order dated April 8, 1976 dismissed, without costs or disbursements. No appeal lies from such an order (see Family Ct Act, § 1112; *Matter of Lance S.,* 51 AD2d 1057). Order dated September 7, 1976 affirmed, without costs or disbursements. The findings, as adopted by the appellant, show beyond a reasonable doubt that the appellant committed acts which, if done by an adult, would constitute the crime of sexual abuse in the third degree. The record does not support a showing of duress by a preponderance of the evidence. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.