■ In the Matter of Y'ANIQUE NEAL. LOUISE WISE SERVICES, Appellant; RUTH NEAL, Respondent.—Appeal from order of Family Court, New York County, dated June 14, 1979, denying petitioner's motion for the appointment of a physician and a certified psychologist, and dismissing allegations of the petition as to mental retardation: leave to appeal from said order to this court is granted to petitioner; and on such appeal, the order is modified, on the law, to the extent of reversing so much of the order as strikes the allegation as to mental retardation, and the matter is remanded for further proceedings in accordance with the memorandum herein, and is otherwise affirmed, without costs. The facts are sufficiently set forth in the dissenting memorandum. We agree with the dissenters that appeal does not lie from the order as of right but only by leave. However, we think that in this case involving the welfare of a child, which has already been pending since 1978, it is better to determine the important substantive issue now rather than reserving it for determination on a subsequent appeal after a final determination in the Family Court. Accordingly, we grant leave to petitioner to appeal. We modify the order appealed from to the extent of reversing the dismissal of the second cause of action on the ground of collateral estoppel. In our view, collateral estoppel should not be applied in the present case. In the earlier action, Judge Kaplan of the Family Court at the fact-finding stage dismissed the claim based on the mother's mental illness but found that the child, Michael, involved in that case, was a permanently neglected child because the mother was unable to plan for the child, and directed a dispositional hearing. As the court was finding that the child was permanently neglected and directing a dispositional hearing, the determination that the mother was not mentally retarded was not necessary to the decision. Collateral estoppel applies only to determinations "that were essential to the decision." (*Yates v United States,* 354 US 298, 336.) "The court found something not essential, or at all events not yet shown to be essential, to a decision of the issues. Such a finding is not controlling in a later litigation. The rule is that a judgment does not work an estoppel as to unessential facts, even though put in issue by the pleadings and directly decided". (*Silberstein v Silberstein,* 218 NY 525, 528; see *Karameros v Luther,* 279 NY 87, 91; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.28.) It seems particularly inappropriate to apply collateral estoppel to the determination as to the mother's illness in connection with the present case involving the child Y'Anique since, as respondent states, Judge Kaplan having made a finding of permanent neglect on the ground that the mother was unable to plan for the child, the issue of mental retardation of the mother "was academic. One finding was sufficient." It does not follow that the whole issue of the mother's mental condition must be retried *de novo.* The witnesses on this issue have been heard and cross-examined. To the extent that that issue has already been tried, it makes no sense to repeat the evidence. The Court of Appeals has warned the trial courts "that the

hearsay doctrine has been too restrictively applied to exclude otherwise reliable evidence". *(People v Arnold,* 34 NY2d 548, 549.) We would permit the use of the prior record in connection with the case relating to the child Y'Anique. If no additional evidence is introduced, the trial court, as a matter of comity analogous to the law of the case may find as Judge Kaplan did in the first case, in which event the appellate court would have the same power to review as it would have had on the appeal from such a finding in a first judgment. But, if on the hearing either side offers additional evidence, the trial court should consider that evidence along with the old record and render an appropriate factual determination. Whether petitioner's request for the appointment of a physician or psychologist should be granted is a matter which we leave to the discretion of the Family Court Judge. Concur —Sullivan, Lupiano and Silverman, JJ.

Fein, J. P., and Bloom, J., dissent in a memorandum by Bloom, J., as follows: Petitioner, an agency authorized to handle the placement of children, brought this proceeding to terminate the parental rights of respondent, the natural mother of the dependent child theretofore placed in foster care by petitioner. The petitioner set forth two causes of action. The first cause was bottomed upon parental neglect while the second found origin in the claim that the mother was mentally retarded. In order to establish mental retardation, petitioner made application, pursuant to section 384-b (subd 6, par [e]) of the Social Services Law for the appointment of a physician and certified psychologist for the purpose of examining respondent and reporting to the court. Some time prior to this application, petitioner had brought a similar proceeding against respondent in connection with another of respondent's children. In that case a physician and certified psychologist had been appointed. That matter proceeded to a fact-finding hearing which, approximately three months prior to the determination of this application, resulted in a holding that respondent was guilty of permanent neglect but that the allegation of mental retardation was not borne out by the evidence. The instant application was denied under the theory of collateral estoppel and this appeal is from that denial. Section 1112 of the Family Court Act provides in pertinent part that "An appeal may be taken as of right from any order of disposition and, in the discretion of the appropriate appellate division, from any other order under this act". The term "order of disposition" has been held to be synonymous with a final order or judgment *(Firestone v Firestone,* 44 AD2d 671; *Ocasio v Ocasio,* 49 AD2d 801). Absent such a determination, appeal will not lie unless leave has been granted *(Firestone v Firestone, supra; Matter of Allen H. P.,* 55 AD2d 934; *Matter of Lance S.,* 51 AD2d 1057; *Ocasio v Ocasio, supra).* Here, there is nothing to indicate that leave was granted or even applied for. No useful purpose is served by granting leave, *sua sponte.* Indeed, had petitioner proceeded promptly to a fact-finding hearing on the issue of permanent neglect, this matter would, in all probability, have been disposed of by now or be in the final stages of disposition. By granting leave we serve notice that these matters, which singularly cry out for speedy disposition, may be dragged out interminably. Accordingly, we would dismiss the appeal without prejudice to review, should that be necessary, of the intermediate order here involved, after a final order of disposition.