■ In the Matter of CHRISTINA H., Also Known as CHRISTINA K. and Another, Children Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JUDITH K. et al., Appellants. [643 NYS2d 287] —Order unanimously modified on the law and as modified affirmed

without costs in accordance with the following Memorandum: Petitioner commenced two proceedings to terminate respondents' parental rights, one based upon alleged permanent neglect by both respondents, and the other based upon the alleged mental retardation of respondent mother. Following a fact-finding hearing on the petitions, Family Court found that, because of the mental retardation of respondent mother, she was unable to improve her parenting skills and the children would be in danger of being neglected if they were returned to her.

Notwithstanding that determination, the court proposed to suspend judgment to allow respondent mother a continued opportunity to improve her parenting skills. The court erroneously believed that a dispositional hearing would not be appropriate if the basis for terminating respondent mother's parental rights was mental retardation (see, Matter of Joyce T., 65 NY2d 39, 46). Although petitioner and the Law Guardian refused to consent to a suspended judgment, petitioner withdrew the petition based upon the mental retardation of respondent mother and agreed with the court that her mental retardation would be considered at the dispositional phase on the permanent neglect petition. At the dispositional hearing, the testimony of the psychiatrist at the fact-finding hearing was received into evidence without objection. The court determined that, despite the attempts of respondent mother to improve her parenting skills, respondent mother was unable to do so because of her mental retardation and that, therefore, the best interests of the children required that they be placed for adoption.

The court erred in terminating respondent mother's parental rights on the ground of permanent neglect. The proof at the fact-finding hearing establishes that respondent mother availed herself of every opportunity to visit her children, and did all that might reasonably be expected of her in preparing for their return (see, Matter of Leon RR, 48 NY2d 117, 125). Had petitioner not withdrawn the petition based upon the mental retardation of respondent mother, the appropriate resolution would have been the termination of her parental rights on the ground that she is unable presently and in the foreseeable future to provide adequate care for her children by reason of her mental retardation (see, Matter of Joyce T., supra; Matter of Cathleen B., 219 AD2d 847; see generally, Matter of Shannon C., 225 AD2d 1061; Matter of Neal, 75 AD2d 741).

We note that the court's proposal for a suspended judgment was premised upon the court's awareness of the efforts of re-

spondent mother to improve her parenting skills and the bond she had developed with her children. As the Court of Appeals noted in *Matter of Joyce T. (supra,* at 46), there are some instances in which a dispositional hearing may be needed, notwithstanding a finding of neglect based upon mental retardation. This is such a case. However, because the petition seeking termination of parental rights based upon the mental retardation of respondent mother was withdrawn and the petition alleging permanent neglect did not refer to respondent mother's mental retardation (*cf., Matter of Shannon C., supra*), we regretfully reverse the order with respect to respondent mother. We note that the petition based upon respondent mother's mental retardation was withdrawn without prejudice. We are also aware that the children may by now have been adopted by their foster parents.

We therefore modify the order by vacating that portion providing that respondent mother permanently neglected her children and terminating her parental rights. (Appeals from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.