■ In the Matter of OLIVIA L., an Infant. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent; MELISSA L., Appellant, el al., Respondent. [837 NYS2d 466]—

Appeal from an order of the Family Court, Cayuga County (Peter E. Corning, J.), entered March 7, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, adjudged that the child was permanently neglected, terminated the parental rights of respondent Melissa L. and transferred guardianship and custody of the child to petitioner.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the petition against respondent Melissa L. is dismissed.

Memorandum: Petitioner commenced these proceedings to terminate the parental rights of respondents on the ground of permanent neglect. Following a fact-finding hearing on the petitions, Family Court found that respondents had permanently neglected their child, terminated their parental rights and transferred guardianship and custody of the child to petitioner. Respondent mother appeals.

We agree with the mother that petitioner failed to meet its initial burden of establishing that it made "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Joshua R.,* 2 AD3d 528; *see generally Matter of Star Leslie W.,* 63 NY2d 136, 142 [1984]). "To meet the diligent efforts requirement '[a]n agency

must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps' " (*Matter of Austin A.*, 243 AD2d 895, 896-897 [1997], quoting *Matter of Sheila G.*, 61 NY2d 368, 385 [1984]). "The agency should mold its diligent efforts to fit the individual circumstances so as to allow the parent to provide for the child's future" (*id.* at 897 [internal quotation marks omitted]; *see Matter of Jesus JJ.*, 232 AD2d 752, 753 [1996], *lv denied* 89 NY2d 809 [1997]; *Matter of Charlene TT.*, 217 AD2d 274, 276-277 [1995]). Based on the evidence presented by petitioner at the fact-finding hearing, we conclude that petitioner "failed to tailor its efforts to the needs of this particular parent and child" (*Matter of Maria Ann P.*, 296 AD2d 574, 575 [2002]; *see Charlene TT.*, 217 AD2d at 276-278; *Matter of Sykia Monique G.*, 208 AD2d 535, 537 [1994]).

Even assuming, arguendo, that petitioner met its initial burden of establishing that it made the requisite diligent efforts, we further agree with the mother that petitioner failed to establish that she failed to plan for the child's future although physically and financially able to do so (*see* Social Services Law § 384-b [7] [a]). Inasmuch as petitioner established that the mother was unable to plan for the child's future, we conclude that petitioner failed to establish that she permanently neglected the child (*see Matter of Michael E.*, 241 AD2d 635, 637 [1997]; *see generally Matter of Richard W.*, 265 AD2d 685, 686-687 [1999]; *Matter of Christina H.*, 227 AD2d 898, 899 [1996]). Under the circumstances of this case, a petition for termination of parental rights on the ground of mental retardation may be appropriate (*see e.g. Michael E.*, 241 AD2d at 636-637; *Christina H.*, 227 AD2d at 899). In view of our determination, we see no need to address the mother's remaining contentions. Present— Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.