■ In the Matter of ASHLEY LISA D. and Another, Children Alleged to be Permanently Neglected. PRADELINE B., Appellant; EPISCOPAL SOCIAL SERVICES et al., Respondents. [847 NYS2d 561]—

Orders of disposition, Family Court, Bronx County (Gloria Sosa-Lintner, J.), entered February 8, 2005, which terminated respondent mother's parental rights to the subject children and committed their custody and guardianship to petitioners for the purpose of adoption, upon a fact-finding determination of permanent neglect, unanimously affirmed, without costs.

The record amply demonstrates that petitioner agency satisfied its statutory obligation to exert diligent efforts to encourage and strengthen the parental relationship. By making appropriate referrals and counseling respondent to comply with programs she was already involved in at the time the children were placed with the agency, and scheduling and facilitating regular visitation, the agency expended the requisite diligent efforts to reunite the family (*see Matter of Galeann F.*, 11 AD3d 255 [2004], *lv denied* 4 NY3d 703 [2005]). Respondent's lack of success in fulfilling the requirements for the return of her children was not the result of the agency's failure to exert diligent efforts, but rather of the mother's failure to cooperate and avail herself of the multitude of programs and services offered to her. Respondent's claim that she has special needs the agency should have addressed in a different manner was not developed at the fact-finding hearing, and consequently, there was no proof at that hearing that the agency knew of and failed to address that situation. In fact, the agency caseworker testified that respondent manifested no signs of such difficulties.

The Family Court properly excluded from evidence the VIPS (Very Intensive Preventive Services program) closing summary and a psychological evaluation by an unnamed preparer, as these documents do not fall under the business record exception to the hearsay rule (*see Matter of Bronstein-Becher v Becher*, 25 AD3d 796, 797 [2006]).

We have considered respondent's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Marlow, Catterson and Malone, JJ.