OPINION OF THE COURT
Freedman, J.
By requiring respondent to testify at a hearing, petitioner-appellant seeks to eviscerate the provisions of Education Law §§ 3020 (1) and 3020-a, which, under state law, govern the discipline of tenured teachers and establish procedures specifically designed to protect them at disciplinary proceedings.
New York City’s Special Commissioner of Investigation for the New York City School District (SCI) was established in 1990, as an arm of the City Department of Investigation. It has investigatory and subpoena power and reports the results of its investigations to the Department of Education (DOE), which has the power to take disciplinary actions against employees.
In this case, two elementary school students, ages 10 and 11, complained that they were sexually harassed by other students. One of the mothers complained and was told that the offending students had received in-school suspensions, but no documentation of the suspensions was provided. The mother then complained to the police, which ultimately led to a report to and an investigation by the SCI into whether respondent and other DOE employees failed to act on the complaints. The Special Commissioner subpoenaed respondent, a tenured assistant principal in the school. Respondent appeared in compliance with the subpoena and gave pedigree information, but invoked her rights under Education Law §§ 3020 (1) and 3020-a (3) (c) (i) not to testify further.
Education Law § 3020 (1) provides that no tenured employee shall be disciplined except in accordance with Education Law § 3020-a. Education Law § 3020-a (3) (c) (i) (C) specifically provides that the tenured employee shall not be required to testify at any disciplinary hearing.
*205 Based on the above-cited Education Law provisions, the Third Department has held that requiring testimony of a tenured teacher in an SCI proceeding conflicted with Education Law § 3020-a because testimony or evidence obtained at such a hearing would be admissible in a DOE disciplinary hearing. That court said, “no local legislative body is empowered to enact laws or regulations which supersede State statutes, particularly with regard to the ‘maintenance, support or administration of the educational system’ ” (Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills, 250 AD2d 122, 126 [3d Dept 1998], lv denied 93 NY2d 803 [1999]). According to respondent, the privilege not to testify has been invoked on a number of occasions and the Mills decision has not been up to now challenged by the SCI.
Contrary to petitioner’s position, neither our decision in Board of Educ. of City of N.Y. v Hershkowitz (308 AD2d 334 [1st Dept 2003], lv dismissed 2 NY3d 759 [2004]) nor Matter of Rosenblum v New York City Conflicts of Interest Bd. (18 NY3d 422 [2012]) compels a different result from the Third Department holding in Mills. In Hershkowitz, this Court held that information, including a written statement obtained from respondent by the SCI during an interview pursuant to a prehearing investigation, was admissible in a disciplinary hearing brought by DOE. The Court focused on the collective bargaining agreement, which provided that a union representative could be present whenever an employee faced disciplinary proceedings, and the SCI interview occurred without such a person. Testimony at an SCI hearing was not involved, and the court specifically distinguished the facts from those in Mills on that ground.
In Rosenblum (18 NY3d 422 [2012]), the Court of Appeals found that the Conflicts of Interest Board of the City of New York is authorized to enforce the Conflicts of Interest Law (NY City Charter §§ 2600-2607) against a teacher, in that case a probationary principal in a middle school, who was found to have requested favorable treatment for his son who was at risk of being fired by DOE. The Conflicts Board imposed a significant fine upon the principal in that case. In reversing, the Court of Appeals disagreed with this Court’s holding that the DOE was the only agency empowered to discipline such an employee. The Court of Appeals, responding to a dissent by one of its members, noted that such an interpretation would “effectively convert the Board from an independent enforcement agency into an investigative and advisory arm of other City agencies” (id. at 432).
*206 In Rosenblum, there was no issue of requiring testimony. Rather, the issue was whether an independent board with penal power could impose a penalty upon a Board of Education employee for an improper action while employed. The Conflict of Interest Board’s function is, however, quite distinct from that of the DOE and deals with specific issues that are only tangentially related to school performance or discipline. To the contrary, the SCI was established as an investigatory body to aid the DOE. There is no question, based on this Court’s holding in Hershkowitz, that any testimony given in an SCI proceeding would be admissible in a DOE disciplinary proceeding. Thus, forcing a tenured teacher or assistant principal to testify in an SCI proceeding is tantamount to forcing that employee to testify in a DOE disciplinary proceeding, which directly conflicts with state law, Education Law § 3020-a (3) (c) (i).
Accordingly, the judgment of the Supreme Court, New York County (Carol E. Huff, J.), entered January 3, 2013, which, insofar as appealed from, denied the petition to compel respondent to comply with a subpoena ad testificandum and dismissed the proceeding brought pursuant to CPLR 2308 and CPLR article 4, should be affirmed, without costs.
Tom, J.P, Acosta and Saxe, JJ., concur.
Judgment, Supreme Court, New York County, entered January 3, 2013, affirmed, without costs.