# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**321**

**CAF 12-01823**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF MAKAYLA S.

------------------------------------------------

STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ALECIA P., RESPONDENT-APPELLANT,
AND DAVID S., RESPONDENT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

MICHELLE COOKE, BATH, FOR PETITIONER-RESPONDENT.

CHRISTINE M. VALKENBURGH, ATTORNEY FOR THE CHILD, BATH.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered September 25, 2012 in a proceeding pursuant to Social Services Law § 384-b.  The order, among other things, transferred guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child and ordered that the child be freed for adoption.  We reject the mother's contention that Family Court erred in finding that the child is a permanently neglected child and in terminating the mother's parental rights with respect to her.  "Petitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and [the child] by providing 'services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to [the mother's] care' . . . , and that the mother failed substantially and continuously to plan for the future of the child although physically and financially able to do so . . . Although the mother participated in the services offered by petitioner, she did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (*Matter of Giovanni K.*, 62 AD3d 1242, 1243, *lv denied* 12 NY3d 715; *see* § 384-b [7] [a]; *cf. Matter of Olivia L.*, 41 AD3d 1226, 1226-1227).  Contrary to the mother's further contention, the court properly denied her request for a suspended judgment (*see Matter of*

*Lilliana G. [Orena G.]*, 104 AD3d 1224, 1225; *Matter of Dahmani M. [Jana M.]*, 104 AD3d 1245, 1246).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court