# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**619**

**CAF 14-00455**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF QUA'MEL W.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

NIAYA W., RESPONDENT-APPELLANT.

---

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.

THEODORE W. STENUF, ATTORNEY FOR THE CHILD, MINOA.

---

Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered February 14, 2014 in a proceeding pursuant to Social Services Law § 384-b.  The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that terminated her parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner.  Contrary to the mother's contention, we conclude that petitioner established "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the mother] and the child" (*Matter of Ja-Nathan F.*, 309 AD2d 1152, 1152; *see* § 384-b [3] [g] [i]; [7] [a]).  In coming to that conclusion, we are not unmindful that "[a]n agency must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" (*Matter of Olivia L.*, 41 AD3d 1226, 1226-1227 [internal quotation marks omitted]).  We also recognize, however, that the agency's efforts, no matter how diligent, can be frustrated by the lack of cooperation from the parent (*see Matter of Asianna NN. [Kansinya OO.]*, 119 AD3d 1243,1244-1245, *lv denied* 24 NY3d 907; *Matter of Jacob E. [Valerie E.]*, 87 AD3d 1317, 1318; *Matter of Ashley Lisa D.*, 46 AD3d 359, 359), and the record establishes that such frustration of the agency's efforts occurred here.  The record also establishes that, despite petitioner's diligent efforts to encourage and strengthen the

parental relationship, the mother failed substantially and continuously to plan for the future of the child (*see* § 384-b [7] [a]; *Matter of Jessica P.*, 291 AD2d 935, 935).

The mother failed to preserve for our review her contention that Family Court erred in admitting into evidence petitioner's entire case file without a proper foundation inasmuch as she failed to object to the admission of the case file on that ground (*see Matter of Constance NN.*, 47 AD3d 986, 986).  Finally, the record supports the court's determination that a suspended judgment would not serve the best interests of the child (*see Matter of Tiara B. [Torrence B.]*, 70 AD3d 1307, 1307, *lv denied* 14 NY3d 709; *Matter of Emmeran M.*, 66 AD3d 1490, 1490).

Entered:  June 12, 2015                    Frances E. Cafarell
                                           Clerk of the Court