Matter of Bryant v Kepler (2023 NY Slip Op 00757)

Matter of Bryant v Kepler

2023 NY Slip Op 00757

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

30 CAF 21-01569

[*1]IN THE MATTER OF JOHN B. BRYANT AND BARBARA A. BRYANT, PETITIONERS-RESPONDENTS,
v
TALIA O. KEPLER AND COREY J. KEPLER, RESPONDENTS-APPELLANTS. 

KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
MICHAEL D. SCHMITT, ROCHESTER, FOR PETITIONERS-RESPONDENTS. 
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered October 14, 2021 in a proceeding pursuant to Domestic Relations Law article 5-a. The order, inter alia, determined that Florida is the home state of the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Respondents appeal from an order that, inter alia, granted petitioners' application seeking to register a child custody determination entered by a court in Florida and also determined that New York lacks jurisdiction over the parties' custody dispute because Florida is the subject child's home state (see Domestic Relations Law § 76 [1]).
We conclude that the appeal must be dismissed because it was not taken from an order of disposition and, therefore, is not appealable as of right (see Family Ct Act § 1112; see generally Matter of Cheyenne C. [James M.], 185 AD3d 1517, 1518 [4th Dept 2020], lv denied 35 NY3d 917 [2020]; Matter of James L. [appeal No. 2], 74 AD3d 1775, 1775 [4th Dept 2010]). Specifically, the order on appeal expressly reserves to respondents the right to renew their request for a hearing pursuant to Domestic Relations Law § 77-d challenging petitioners' application to register the order entered in Florida. Consequently, the order is not dispositional—i.e., final (see Ocasio v Ocasio, 49 AD2d 801, 801 [4th Dept 1975], appeal dismissed 37 NY2d 921 [1975])—inasmuch as it "did not dispose of all the factual and legal issues raised in this action" (Abasciano v Dandrea, 83 AD3d 1542, 1544 [4th Dept 2011] [internal quotation marks omitted]; see Town of Coeymans v Malphrus, 252 AD2d 874, 875 [3d Dept 1998]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court