(31 Abb. N. C. 464.)

## STOKES v. STOKES.

### (Supreme Court, Special Term, New York County. June, 1894.)

**1. Action—Severance.**

Code Civ. Proc. § 1220, provides that where issues of law and of fact arise with respect to different causes of action in a complaint, and final judgment can be taken with respect to one or more causes of action without prejudice to either party, the court may, at any stage of the action, direct that the same be divided into two or more actions. *Held,* that where a complaint for libel alleges three separate causes of action, and asks judgment for an entire sum without stating the damages claimed for each libel, and a demurrer to one cause of action is overruled, and defendant has answered as to the others, plaintiff may sever the actions so as to enter judgment on the cause of action demurred to.

**2. Same—Time of Application.**

An application for leave to sever an action will not be denied because the motion was made after damages were assessed on one cause of action, as Code, § 1220, permits a severance at any stage of the action.

Action by Edward S. Stokes against William E. D. Stokes for libel. Plaintiff moves for leave to sever the action. Granted.

Holmes & Adams, for the motion.
Benjamin F. Tracy, opposed.

PATTERSON, J. This is a motion for leave to sever the action, which was brought to recover damages for alleged libels, the complaint containing three separate causes of action. The application is made under section 1220 of the Code of Civil Procedure, which authorizes the court, in its discretion, where an issue of law and an issue of fact arise with respect to different causes of action, and final judgment can be taken on one or more of the causes of action without prejudice to either party as to the other causes of action, to divide the action into two or more actions, as the case may require; and this, by express terms of the statute, may be done at any stage of the action. In this case the defendant demurred to the first of the causes of action, and answered as to the second and third. The issue of law on the demurrer was decided in favor of the plaintiff at special term, and that decision was affirmed at the general term. Subsequently, damages on that cause of action were

assessed by a sheriff's jury, and fixed at the sum of $1,000. The is-- sues of fact have not yet been tried. It is conceded that three separate suits might have been instituted on the three separate alleged libels, and it must be further conceded that a motion to divide may be made at any stage of the case.

This is a new enactment, of doubtful wisdom when applied to such actions as this, but it cannot be ignored. Final judgment certainly can be taken as to the first cause of action, and the issues on the other two retained for trial, unless there is something in the construction of the action itself which, as a necessary consequence, would permit but one judgment as to the three causes of action. It seems to me that a severance of the action would not be prejudicial to the rights of either party. But one cause of action has been disposed of. The others remain, and the defenses interposed to them may be fully presented, and the defendant have every advantage of them. The section of the Code referred to apparently covers such cases as the present. The serious objection to the motion, and the one that has been most earnestly and forcibly argued, is that there can be but one final judgment in any action, and that where that action sounds in tort, and for the several causes of action the ad damnum is fixed at one entire sum, there can be no separation and distribution of that amount, and an application made of one part of it to one cause of action, and the remainder to the others. That would undoubtedly be so, were it not for the section of the Code under consideration; but that section allows the one action to be split up into two or more actions, and evidently contemplates that upon each action a distinct judgment may be entered, and, in effect, so severs the subject-matters of the several causes of action as to construct from them separate actions, in each of which damages may be recovered. If that view of the effect of a separation and construction of independent actions under the statute is correct, the argument that but one final judgment can be entered has no place in the discussion. To each action would follow its own appropriate judgment. There is no decided case reported on the subject, and the question is a new and important one, and the objections have been very skillfully argued; but, under the sweeping terms of this section of the Code, I think they are untenable. That the severance should have been made before the assessment of damages was had as to the first cause of action would have been a strong ground of denial of the motion, were it not that the Code authorizes the motion to be made at any stage of the action. The result of the application of the terms of this statute to actions in tort must be unsatisfactory in many cases, but as the discretion to be exercised is judicial, and not personal, I do not see how the plain terms of the act are to be disregarded. The motion is granted on payment of the costs of the action to date. This condition is required because of the great delay of the plaintiff in moving. As the question is a novel one, a stay of proceedings on the order to be entered herein will be granted until this decision can be reviewed at the general term, if the defendant desires such stay.