Carlton A. Fisher, J.
Motion by plaintiff for an order granting partial summary judgment in favor of the plaintiff, adjudging that the sum of $220,423.10 are trust funds in the hands of Nathan Benderson, doing business as Bison Factors Co., and adjudging that the sum of $56,432.50 are trust funds in the hands of the defendants Schwab Bros. Trucking, Inc., and Philip B. Schwab, all for the benefit of the statutory beneficiaries of the contract moneys arising out of the contract set forth in the title of this action; that said order further direct the payment into court of the above sums, respectively, to the credit of this action, or, in the alternative, that said defendants and each of them, respectively, furnish adequate security, to be approved by this court, for the payment of such sums to such persons as the court may later direct; and that the court by its order direct the giving of all proper and adequate notice to all beneficiaries described in section 73 of the Lien Law with respect to the presentation and proof of their respective claims.
Plaintiff claims that on or about April 9, 1964, Schwab Bros. Trucking, Inc., entered into a subcontract with Depew Paving Co., Inc., to perform certain items of work of a prime contract which Depew Paving Co., Inc., had with the State of New York, for the construction of the Young Street Arterial Highway, in the City or Town of Tonawanda, New York, which prime contract was also known as Contract FAC 64-3.
Pursuant to said contract plaintiff issued payment and performance bonds of the amount of $485,107. On or about February 17, 1965, Schwab Bros. Trucking, Inc., signed a letter of default and executed an assignment of all moneys due it from the prime contractor, Depew Paving Co., Inc., to the plaintiff.
The verified complaint alleges that the plaintiff on or about January 1, 1965 paid Frontier Stone Products, Inc., $17,328.45 for materials furnished Schwab Bros. Trucking, Inc., and by assignment plaintiff is owner and holder of all the rights and remedies of Frontier Stone Products, Inc., as a job creditor under the aforesaid contract.
The said complaint alleges upon information and belief that there are unpaid substantial bills for labor, material services and supplies and that the sum of $314,158.05 that was paid to Schwab by Depew Paving Co., Inc., the prime contractor under said contract, were trust funds within the purview of *232 article 3-A of the Lien Law and that of this amount $220,423.10 was diverted and paid to the defendant Benderson, a nonjob or nontrust beneficiary under said article, and that the defendants Schwab received the sum of $93,734.95 and know such funds were trust funds under said article.
Paragraph 18 of the complaint alleges “upon information and belief that said defendants transferees did not file or did not properly file any assignment or proper assignment of the said contract moneys as required by the Lien Law of the State of New York, nor did they, or any of them, file any notice of lending, as prescribed by Article 3-A of said Lien Law.” This allegation is admitted by the defendant Benderson.
The examinations before trial were had. This' testimony and exhibits consisting of 117 pages are part of the moving papers. Among the more pertinent evidence is a note dated August 6, 1964 in the amount of $250,000 with interest at 18% per annum given by Schwab Bros. Trucking, Inc., to Benderson Development Co., Inc., and five cancelled checks from Bison Factors Co. payable to Schwab Brothers Trucking, totalling $215,786.99 (these were dated from August 11,1964 to October 2, 1964). The Sixth check, payable to Casey Dump Truck Service dated January 15, 1965 in the amount of $14,389.86, was also paid by Bison Factors which is claimed to be part of the loan made to Schwab. On August 6, 1964, an assignment was made by Schwab Bros. Trucking Co., Inc., to Benderson Development Co., Inc., assigning the sum of $250,000 due to become due it from Depew Paving Co., Inc., on the Young Street Arterial Highway, City of Tonawanda, FAC 64-3. This assignment was refused by Depew Paving Co., Inc., and it is admitted by the defendant Benderson that this assignment was to secure advances on the Young St. Contract, as it had been represented by Schwab to Benderson that this money was needed to keep the Young Street job going. After Depew Paving Co., Inc., had refused to accept or honor the assignment, an arrangement was worked out for Depew Paving Company to make its checks payable to Schwab Bros. Trucking, Inc., and send them to the Schwab Bros. Trucking, Inc., attorney, Mr. Tinney, who arranged to have them indorsed by the payee, by Philip Schwab, and then delivered to Bison Factors. However, three of these checks totalling $56,432.50 were certified by Philip Schwab who testified he did not know what happened to the proceeds. Defendants in their examination before trial and defendant Benderson said they did not know whether or not the moneys paid by Depew to Schwab Bros. Trucking, Inc., were proceeds from the Young St. Arterial Highway FAC 64-3, and this lack *233 of knowledge on their part raises, it is claimed by them, an issue of fact which prevents the relief sought by the plaintiff. This assertion is untenable, and the testimony of the defendant Benderson, that Benderson knew that he was to be paid from the Young St. job for the work that Schwab did and that he kept in close touch with the situation by telephone, conclusively contradicts the defendants ’ position.
Furthermore, none of the Schwab defendants has submitted any affidavits in opposition to the relief sought by the plaintiff. The past conduct of Philip Schwab who refused to obey previous orders of this court to produce the books and records of his company, resulting in an imposition of the 30-day jail sentence, his testimony that he did not know what happened to the proceeds of the checks he had certified, puts him in the position of knowingly and intentionally diverting trust funds. Likewise, Benderson, by his testimony, affidavits and admission that he did not file any assignment of funds or any notice of lending as required by section 73 of the Lien Law forces this court to find only one conclusion, that Benderson received trust funds which were for the benefit of those beneficiaries set forth in section 71 of the Lien Law and which does not include a money lender. The court finds that the affirmative defenses raise no triable issues of fact.
The question of the amount of the unpaid bills and liens and their pro-rata-ing are questions to be determined after judgment upon the presentation of the claims and an accounting of the trust funds. Plaintiff’s motion for summary judgment is granted and the cross motion of the defendant is denied. The certified checks and funds diverted by the defendant Schwab totalling $56,432.50 are determined to be trust funds, as well as the sum of $220,423.10 diverted by Schwab to the defendant Benderson are likewise trust funds under article 3-A of the Lien Law.
The plaintiff is directed to give written notice to all subcontractors, laborers, materialmen and other trust beneficiaries specified in section 71 of the Lien Law, with respect to the subcontract referred to in the complaint, to present their claims with supporting proof thereof, specifying in said notice the time and place of the presentation thereof, which presentation and proof shall be at least 10 days after the giving of such notice. The hearing before the court on said claims and proof shall be had within 30 days after the date for the presentation thereof.
The defendants Schwab Bros. Trucking, Inc., Philip B. Schwab and Nathan Benderson, doing business as Bison Factors Co., *234 are trustees of the diverted trust funds, and are directed to file an accounting with the Cleric of this court of the trust funds described herein within 15 days after the date for the presentation of claims. A copy of the accounting with notice of filing shall be furnished forthwith to the attorneys for the plaintiff, and, upon receipt thereof, the attorneys for the plaintiff shall send a copy of said accounting to all trust beneficiaries. The notice of filing of the account shall set forth a time for the approval of the accounting by this court, which time shall be not less than 10 nor more than 20 days after the filing and furnishing a copy thereof to the plaintiff’s attorneys.
The plaintiff or the defendants may apply to this court for any interim order required for the implementation of this decision, on notice to the other parties to this action.
The court at this time directs that two bonds, to be approved by this court, each in the amount of $25,000, be furnished; one by the defendants Schwab Bros. Trucking, Inc., and Philip B. Schwab, and one by Nathan Bender son, individually and doing business as Bison Factors Co., with leave to the plaintiff to apply to the undersigned, on notice to the defendants, to increase the amount of said bonds upon proof that there are unpaid trust beneficiaries as defined in section 71 of the Lien Law in excess of said sums.