■ JOSE GRULLON et al., Appellants, v SERVAIR, INC., Respondent.—In an employment discrimination action, *inter alia,* to compel the defendant to reinstate the plaintiffs with back pay, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Miller, J.), dated May 6, 1985, which, after the opening statements of counsel for both parties at trial and submission of a stipulated set of facts, granted the defendant's motion to dismiss the complaint without prejudice to the plaintiffs' right to pursue their claim at arbitration under the terms of the parties' collective bargaining agreement.

Judgment affirmed, with costs.

The plaintiffs must pursue their claims in accordance with the grievance procedures set forth in the collective bargaining agreement between the defendant and the Transport Workers Union of America, which indisputably have not been exhausted.

Contrary to the plaintiffs' contention, their appeal from the judgment dismissing the first through fourth causes of action asserted in their complaint does not bring up for review a prior order of the same court (Hyman, J.), dated October 12, 1983, which dismissed their fifth cause of action and severed and continued the remainder of the action *(cf.* CPLR 5501 [a]

■ Upon severance, the severed causes of action became a separate action which may be terminated in a separate judgment *(see, Stokes v Stokes,* 30 NYS 153; 3 Carmody-Wait 2d, NY Prac § 18:6). Review of the prior order may only be had by direct appeal therefrom or by appeal from a judgment entered thereon. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.