■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ALTHERIA A., Respondent, v ALVIN E., Appellant. [648 NYS2d 382] —Order unanimously affirmed without costs. Memorandum: The notice of appeal is deemed an application for leave to appeal from the order of filiation, and in

the exercise of our discretion, leave to appeal is granted (*see,* Family Ct Act § 1112 [a]; *Matter of Harstein v Mike S.,* 107 AD2d 684).

Upon our review of the record, we conclude that petitioner met its burden of "proving paternity by clear, convincing and satisfactory evidence that creates a genuine belief that respondent is the father of her child" (*Matter of Louise S. v Timothy E.* [appeal No. 2], 187 AD2d 994). Altheria A. testified that she engaged in sexual intercourse with respondent and no other man in September, October and November 1990, the probable period of conception. An HLA blood test established that it was not possible to exclude respondent from the paternity of the child on the basis of the red cell blood group. Although respondent testified that Altheria had "other boyfriends", Family Court determined that "no credible testimony was offered which would prove that the mother engaged in sexual intercourse with anyone other than the respondent" during the probable period of conception, and we decline to disturb the court's determination. (Appeal from Order of Erie County Family Court, Trost, J.H.O.—Paternity.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.