■ In the Matter of MONROE COMMUNITY HOSPITAL, Petitioner. EDWARD Z., Respondent. [662 NYS2d 278] —Motion to vacate ex parte order granted. Same Memorandum as in *Matter of Monroe Community Hosp. (Marion D.)* (239 AD2d 965 [decided herewith]). Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ. (Filed May 7, 1997.)

■ In the Matter of JOSEPH R. JONES, Respondent, v NORMAN TISDELL, SR., et al., Appellants. ROBERT J. ST. GEORGE, as Law Guardian, Appellant. [662 NYS2d 280] —Motion to consolidate and dismiss appeals for failure timely to perfect denied and cross motions for extension of time to perfect denied. Memorandum: None of the appellants was assigned counsel by this Court. Both appeals therefore were required to be perfected within nine months of the date on the notices of appeal and were deemed abandoned and dismissed on December 22, 1996 (*see*, 22 NYCRR 1000.12 [b] [former 1000.3 (b) (2)]). We decline to exercise our discretion to convert the cross motions for extensions of time to perfect the appeals to motions to vacate the automatic dismissals because the order sought to be appealed is an intermediate order that is not appealable as of right (*see*, Family Ct Act § 1112 [a]), and leave to appeal is not warranted. Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.

■ In the Matter of KATHLEEN STEWART, Respondent, v SAMUEL SODA, Appellant. [662 NYS2d 281] —Motion insofar as it seeks summary reversal denied and insofar as it seeks extension of time to perfect appeal granted. Memorandum: Respondent has failed to demonstrate that the unavailable transcripts are necessary to the determination of the appeal taken from the order entered June 24, 1996, and thus summary reversal is not required (*see*, *Matter of Farfaglia v Loveall*, 222 AD2d 1127). Issues concerning the contents of a record on appeal must be settled by stipulation of the parties or by order of the court from which the appeal is taken (22 NYCRR 1000.4 [a] [1]). Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.