(July 30, 1998)

■ Town of Coeymans, Respondent, v James E. Malphrus et al., Appellants. [676 NYS2d 347] —White, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered May 8, 1997 in Albany County, which found defendant James E. Malphrus in contempt and ordered him to be detained in jail for 30 days.

In October 1995, plaintiff commenced this action against, among others, defendant James E. Malphrus (hereinafter defendant) seeking a permanent injunction enjoining him from operating a mobile home-trailer park on property he owns in the Town of Coeymans, Albany County. Simultaneously, plaintiff moved for a preliminary injunction which Supreme Court granted by order entered November 27, 1995. Instead of ceasing operations following service of this order, the number of mobile homes on defendant's property increased from 10 to 25. As a result, plaintiff moved by order to show cause for an order holding defendant in contempt. At the conclusion of an evidentiary hearing, Supreme Court, by order entered December 23, 1996, found defendant guilty of contempt and ordered him imprisoned for six months with the opportunity to purge himself by removing all but three of the mobile homes within 30 days.* In the event defendant did not do so, the order authorized plaintiff to apply ex parte for an order of commitment. Defendant filed a notice of appeal. However, on February 27, 1997 we granted his application to withdraw and discontinue the appeal. Thereafter, on May 8, 1997, plaintiff obtained an order of commitment directing the Sheriff to detain defendant for 30 days. Defendant was incarcerated on May 21, 1997 and, on plaintiff's consent, released on June 3, 1997. He now appeals from the May 8, 1997 order.

Defendant maintains that the December 1996 contempt order must be reversed because, *inter alia*, Supreme Court failed to conduct a proper hearing to determine his competence to proceed and violated his right to counsel. Plaintiff contends

* Apparently, defendant was permitted to have three mobile homes on his property as a prior nonconforming use.

that defendant cannot pursue these arguments due to his failure to appeal from the December 1996 order. We cannot proceed without resolving this issue since our power "to review a judgment [or order] is subject to an appeal being timely taken" (*Hecht v City of New York*, 60 NY2d 57, 61). Claiming that this appeal is from a final order, defendant maintains that we may review the December 1996 order pursuant to CPLR 5501 (a) (1) which provides that "[a]n appeal from a final judgment brings up for review * * * any non-final judgment or order which necessarily affects the final judgment". Inasmuch as the corollary of CPLR 5501 (a) (1) is that a final order may not be reviewed on appeal from a later order or judgment, we must first determine whether the December 1996 order is a final one (*see, Reisman v Coleman*, 226 AD2d 693; *Shah v State of New York*, 212 AD2d 876, 877; *Crystal v Manes*, 130 AD2d 979).

For the purpose of CPLR 5501 (a) (1), a final order is one that disposes of all causes of action between the parties in an action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters, which is the same standard used to analyze appealability under NY Constitution, article VI, § 3 (b) (1), (2) and (6) (*see, Burke v Crosson*, 85 NY2d 10, 15). Applying this standard here, we conclude that the December 1996 order is a nonfinal one because a contempt proceeding brought on by an order to show cause against a party in a pending civil action is regarded as a motion whose resolution does not finally determine the causes of action set forth in the pending action (*see, Matter of Schulz v Galgano*, 88 NY2d 1015; *Geller v Flamount Realty Corp.*, 260 NY 346, 349; *see also*, 21 NY Jur 2d, Contempt, §§ 71, 204). Despite this finding, the December 1996 order is not reviewable on this appeal since defendant's appeal is from the May 1997 order which is also nonfinal in that it did not dispose of all the factual and legal issues raised in this action, as required by CPLR 5501 (a) (1), but merely ordered defendant's incarceration (*see, Crystal v Manes, supra; compare, Hurd v Lis*, 126 AD2d 163, 166, *lv dismissed* 70 NY2d 872).

Because defendant's brief does not contain any arguments addressed to the May 8, 1997 order, we shall dismiss this appeal as abandoned (*see, Richardson v Richardson*, 186 AD2d 946, 947, *lv dismissed and denied* 81 NY2d 867).

Peters, Carpinello and Graffeo, JJ., concur. Ordered that the appeal is dismissed, without costs.