■ JUNE KLINE, Appellant, v TOWN OF GUILDERLAND et al., Respondents. [734 NYS2d 333] —Mugglin, J. Appeal from an order of the Supreme Court (Keegan, J.), entered November 13, 2000 in Albany County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

As noted by Supreme Court, the procedural history of this action is long and tortured but can be summarized, as relevant to this appeal, as follows. On May 8, 1996, plaintiff, an employee in the Building Department of defendant Town of Guilderland in Albany County, sued the Town, its former Supervisor, its current Supervisor, her immediate supervisor, and a co-employee, alleging causes of action for, *inter alia*, discrimination and retaliation. Soon thereafter, plaintiff served an amended complaint alleging, as against all defendants, gender discrimination in violation of Executive Law § 296, retaliation in violation of the same law, negligence, intentional infliction of emotional distress and harassment. In addition, plaintiff alleged a sixth cause of action only against her fellow employee for defamation and slander.

On May 6, 1999, Supreme Court granted plaintiff leave to file a second amended complaint. On May 13, 1999, plaintiff served this complaint which repleaded the first six causes of action and added claims under 42 USC § 1983 and the NY Constitution (hereinafter the constitutional claims). Plaintiff filed this complaint on May 19, 1999. Prior to serving an answer to the second amended complaint, defendants moved for summary judgment dismissing all of plaintiff's claims.

On August 9, 1999, Supreme Court granted partial summary judgment dismissing plaintiff's first five causes of action. The court directed the defamation cause of action to proceed against the co-employee and refused to entertain defendants' motion to dismiss the two constitutional causes of action since issue had not yet been joined.* Plaintiff's appeal from this order was subsequently withdrawn.

On August 27, 1999, defendants moved to strike plaintiff's trial term note of issue (which had been filed January 20, 1999) so that substantive motions could be made as to the two constitutional claims. On September 30, 1999, Supreme Court denied this motion, but ordered the two constitutional causes

---

* A second amended answer not having been served, issue was not joined as to *any* cause of action, rendering the entire summary judgment motion premature. Nevertheless, we perceive no error in Supreme Court's ruling since the record is abundantly clear "that the parties charted their own procedural course and treated defendants' summary judgment motion as if issue had indeed been joined" (*Ryan v Bettiol*, 211 AD2d 844, 845).

of action severed from the defamation action. The latter was tried in October 1999 and the jury rendered a verdict of no cause of action. Plaintiff did not appeal.

In August 2000, defendants moved for summary judgment seeking dismissal of the constitutional causes of action and plaintiff cross-moved for summary judgment in her favor. Supreme Court granted summary judgment to defendants, dismissing these claims. Plaintiff appeals and, as limited by her brief, seeks review of that portion of Supreme Court's August 9, 1999 order which dismissed her causes of action for gender discrimination under Executive Law § 296, retaliation under the same law, and intentional infliction of emotional distress. Plaintiff also seeks review of Supreme Court's August 2000 order which dismissed her constitutional claims.

This Court's power to review a judgment or order " 'is subject to an appeal being timely taken' " (*Town of Coeymans v Malphrus*, 252 AD2d 874, 875, quoting *Hecht v City of New York*, 60 NY2d 57, 61). CPLR 5501 (a) (1) provides that "[a]n appeal from a final judgment brings up for review * * * any non-final judgment or order which necessarily affects the final judgment." The corollary of CPLR 5501 (a) (1) "is that a final order may not be reviewed on appeal from a later order or judgment" (*Town of Coeymans v Malphrus, supra,* at 875).

An order or judgment is deemed "final" if it "disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters" (*Burke v Crosson*, 85 NY2d 10, 15). Thus, "a nonfinal order * * * results when a court decides one or more but not all causes of action in the complaint against a particular defendant * * * but leaves other causes of action between the same parties for resolution in further judicial proceedings" (*id.*, at 15-16). Where one cause of action is severed, it becomes "a separate action which may be terminated in a separate judgment" (*Grullon v Servair*, 121 AD2d 502, 503, *lv denied* 69 NY2d 608). Therefore, the severance of the two constitutional claims resulted in two separate actions and, in the first one, the nonfinal order of August 1999 became final when judgment was rendered on the sixth cause of action in October 1999. Plaintiff's failure to timely appeal such judgment now precludes a review of the August 1999 order.

Next, we affirm Supreme Court's grant of summary judgment dismissing the constitutional claims. In order to establish such a claim based upon retaliation under 42 USC § 1983, plaintiff is required to submit evidence establishing that: "(1)

[her] speech was constitutionally protected, (2) [she] suffered an adverse employment decision, and (3) a causal connection exists between [her] speech and the adverse employment determination against [her], so that it can be said that [her] speech was a motivating factor in the determination" (*Morris v Lindau*, 196 F3d 102, 110). Plaintiff argues that these elements were prima facie established by evidence that, following the filing of her notice of claim, two other women were promoted to the position of administrative aide in the Police and Highway Departments, these openings were neither posted nor was she canvassed with respect thereto, the position of administrative aide was not created in the Building Department (despite the assurance of a Deputy Town Supervisor that it would be), and her immediate supervisor relieved her of certain duties encompassed by the job description for administrative aide. Additionally, plaintiff contends that her eventual promotion to administrative aide in 1999 constitutes an admission on the part of defendants that she had previously performed all the duties and responsibilities of that position.

Assuming arguendo, that plaintiff's proof establishes that her speech was constitutionally protected and that she suffered an adverse employment decision, the evidence nevertheless fails to establish a causal relationship between her speech and any adverse employment determination to which she may have been subjected. Plaintiff's allegations to the contrary are simply speculation and conjecture. Our review of the record establishes that the Town had legitimate reasons for failing to create an administrative aide position in the Building Department and that the Town had met its burden of demonstrating that it would have made the same employment determination even in the absence of plaintiff's speech and action. Therefore, plaintiff has failed to establish that her lack of promotion was retaliation for the exercise of any constitutionally protected activity on her part. Likewise, we find no violation of NY Constitution, article I, § 9 as alleged by plaintiff. The record is devoid of any evidence showing that the Town retaliated against plaintiff as a result of her having petitioned for judicial relief.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.