■ JOSEPH DAVIS INDUSTRIAL SERVICES, Formerly Known as JOSEPH DAVIS HEAVY RIGGING & TRANSPORTATION, Respondent, v SICOLI & MASSARO, INC., et al., Appellants. [734 NYS2d 795] —Order unanimously affirmed with costs. Memorandum: Defendant Innovative Building Systems, a division of defendant Sicoli & Massaro, Inc. (Sicoli & Massaro), contracted with the State University Construction Fund to expand the seating in the football stadium at the State University of New York at Buffalo. Innovative Building Systems in turn contracted with 15 subcontractors or materials providers, one of which is plaintiff. Plaintiff subsequently commenced this action, seeking, among other relief, a trust fund accounting pursuant to article 3-A of the Lien Law (first cause of action) and compensatory and punitive damages for diversion of trust fund assets (second cause of action). Defendants appeal from an order granting plaintiff's motion for partial summary judgment on the first and second causes of action, thereby determining that Sicoli & Massaro had diverted trust fund assets, requiring Sicoli & Massaro to "provide a legally adequate trust fund ac-

counting to" plaintiff, and freezing all trust assets received by Sicoli & Massaro in connection with the project.

Defendants' contention that Supreme Court erred in granting class action certification is not properly before us. The court granted that relief in a prior intermediate order, and the appeal herein from a subsequent nonfinal order does not bring up for review that prior nonfinal order (*see,* CPLR 5501 [a]; *Baker v Shepard,* 276 AD2d 873, 874; *Town of Coeymans v Malphrus,* 252 AD2d 874, 875; *see also, Fleiss v South Buffalo Ry. Co.,* 280 AD2d 1004, 1005).

We reject defendants' contention that the court erred in determining that Sicoli & Massaro had not rendered an adequate trust fund accounting and had diverted trust funds. Upon our review of the record, we conclude that the court properly determined that Sicoli & Massaro had diverted trust funds created for the purpose of assuring payment of subcontractors (*see generally,* Lien Law § 70 [1], [2], [6]; § 71 [2]; § 72 [1]; *Canron Corp. v City of New York,* 89 NY2d 147, 154; *Caristo Constr. Corp. v Diners Fin. Corp.,* 21 NY2d 507, 512). Thus, the court properly froze the remaining trust funds under Sicoli & Massaro's control and properly directed Sicoli & Massaro to provide a full accounting of its disbursement of the trust funds (*see, South Carolina Steel Corp. v Miller,* 170 AD2d 592, 595; *Glens Falls Ins. Co. v Schwab Bros. Trucking,* 53 Misc 2d 230, 233-234, *affd* 27 AD2d 802, *lv dismissed* 19 NY2d 940; *cf., Atlas Bldg. Sys. v Rende,* 236 AD2d 494, 496). (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Summary Judgment.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.