# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**522**

**CA 10-02439**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

FRANK ABASCIANO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PATRICK DANDREA, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

HARRIS, CHESWORTH, O'BRIEN, JOHNSTONE, WELCH & LEONE, LLP, ROCHESTER (ROBERT S. LENI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 29, 2010.  The order, inter alia, denied the motion of defendant for leave to reargue, granted the cross motion of plaintiff and directed that the subject property be listed for sale.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum:  On appeal from an order directing the sale of partnership property, defendant's sole contention is that plaintiff improperly commenced this partnership dissolution action by failing to file a summons, thereby depriving Supreme Court of jurisdiction.  We conclude that defendant's jurisdictional challenge is not properly before us, and we therefore dismiss the appeal.

"The power of an appellate court to review a judgment [or order] is subject to an appeal being timely taken" (*Hecht v City of New York*, 60 NY2d 57, 61; *see Kline v Town of Guilderland*, 289 AD2d 741, 742).  CPLR 5501 (a) (1) provides that "[a]n appeal *from a final judgment* brings up for review . . . any non-final judgment or order which necessarily affects the final judgment" ([emphasis added]; *see Weierheiser v Hermitage Ins. Co.*, 17 AD3d 1133, 1134).  However, an appeal from a nonfinal order or an intermediate order does not bring up for review prior nonfinal orders (*see Meltzer v Meltzer*, 63 AD3d 703; *Joseph Davis Indus. Servs. v Sicoli & Massaro*, 289 AD2d 984; *Baker v Shepard*, 276 AD2d 873, 874).  For purposes of CPLR 5501 (a) (1), "a final order is one that disposes of all causes of action between the parties in an action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters" (*Town of Coeymans v Malphrus*, 252 AD2d 874, 875).

Plaintiff commenced this action by order to show cause and verified complaint in November 2008. Shortly thereafter, defendant cross-moved for, inter alia, dismissal of the action based upon plaintiff's failure to file and serve a summons with the verified complaint, contending that such failure deprived the court of jurisdiction. Specifically, defendant contended that "[p]laintiff has failed to secure the jurisdiction of this Court by properly commencing an action." The court issued an order in December 2008 that did not address defendant's cross motion, and thus the cross motion was deemed denied (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863). Defendant did not take an appeal from that order.

In response to a motion in March 2009 by plaintiff seeking the appointment of an accountant pursuant to Partnership Law § 74 to conduct an accounting "for the purpose of winding up the parties' dissolved partnership," defendant cross-moved for, inter alia, "a specific finding from the Court as to whether it finds that the papers filed previously are, in fact, a Verified Complaint and if so, find whether a Summons was filed and served. If the Court so finds, the cross motion is to dismiss this action for lack of proper jurisdiction and service." Defendant sought various forms of relief in the alternative. In an April 2009 order, the court granted plaintiff's motion and denied defendant's cross motion in its entirety. With respect to the summons issue, the court ruled that, "insofar as the Court's prior [2008 order] did not grant the defendant's previous application for dismissal of this action due to the indicated absence of a summons, said previous application was deemed denied as a matter of law." Defendant also did not take an appeal from that order.

Thereafter, the parties both filed several motions and cross motions concerning the dissolution and winding up of the partnership, and the court issued at least three further orders. The instant appeal is from an order entered in June 2010 that, inter alia, denied defendant's motion for leave to reargue/renew with respect to a March 2010 order concerning the appointment of the accountant and the results of the accounting and granted plaintiff's cross motion, directing that the property and all materials thereon "be listed for sale immediately."

As previously noted, defendant's sole contention on the appeal from that order is that this action was not properly commenced and that the court therefore lacks jurisdiction. Although defendant's notice of appeal states that "this appeal is taken from the entirety of th[e] order [entered June 29, 2010], *together with all orders previously entered*" (emphasis added), we have no authority to review the court's prior orders, including those denying defendant's cross motions to dismiss the action for failure to file a summons. The order from which the appeal was taken cannot be deemed a "judgment" to enable us to undertake such a review pursuant to CPLR 5501 (a) (1), nor does it appear from the record that a final judgment has been entered (*see Bruenn v Pawlowski*, 292 AD2d 856).

Further, the order before us on this appeal does not constitute a "final order" within the meaning of CPLR 5501 (a) (1), i.e., it "did

not dispose of all the factual and legal issues raised in this action" (*Town of Coeymans*, 252 AD2d at 875).  The complaint contains four causes of action, for dissolution of the partnership, quantum meruit, unjust enrichment, and breach of fiduciary duty, while the order before us on this appeal simply directed that "the subject subdivision property, with all related building materials located thereon and the corresponding engineering plans, is . . . to be listed for sale immediately."

We thus conclude that the propriety of the orders denying defendant's cross motions for dismissal of the action based upon the failure of plaintiff to file a summons is not properly before us because defendant failed to take an appeal from those orders (*see Bruenn*, 292 AD2d at 857), nor are those orders reviewable on this appeal from a nonfinal order, which does not bring up for review prior nonfinal orders (*see Meltzer*, 63 AD3d 703; *Joseph Davis Indus. Servs.*, 289 AD2d at 985).  Inasmuch as defendant fails to challenge any aspect of the order on appeal, we dismiss the appeal as abandoned (*see Town of Coeymans*, 252 AD2d at 875).

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court