■ In the Matter of KRISTIN M. DAWLEY, Appellant, v SEAN T. DAWLEY, Respondent. In the Matter of SEAN T. DAWLEY, Respondent, v KRISTIN M. DAWLEY, Appellant. (Appeal No. 1.) [40 NYS3d 339]—Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered March 24, 2015 in a proceeding pursuant to Family Court Act article 6. The order granted the violation of visitation petition of Kristin M. Dawley, as amended, and granted the violation of visitation petition of Sean T. Dawley.

from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered March 24, 2015 in a proceeding pursuant to Family Court Act article 6. The order dismissed with prejudice the petition of petitioner seeking to modify a prior consent order with respect to respondent's visitation with the subject children.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: In appeal No. 2, petitioner mother appeals from an order that dismissed with prejudice her petition seeking to modify a prior consent order with respect to respondent father's visitation with the subject children. While this appeal was pending, Family Court entered an order upon the consent of the parties that resolved the relevant visitation issues, thereby rendering this appeal moot (*see Matter of Warren v Hibbs*, 136 AD3d 1306, 1306 [2016], *lv denied* 27 NY3d 909 [2016]). We conclude that the exception to the mootness doctrine does not apply (*see id.*; *see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

The mother has not raised any contentions with respect to the order in appeal No. 1, and we therefore dismiss that appeal (*see Abasciano v Dandrea*, 83 AD3d 1542, 1545 [2011]; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]). Present—Centra, J.P., Peradotto, Lindley, Curran and Troutman, JJ.