Matter of Jaime D. (James N.--Jacquelina D.) (2019 NY Slip Op 01978)





Matter of Jaime D. (James N.--Jacquelina D.)


2019 NY Slip Op 01978


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1301 CAF 17-02044

[*1]IN THE MATTER OF JAIME D. AND JACOB D. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JAMES N., RESPONDENT, AND JACQUELINA D., RESPONDENT-APPELLANT. (APPEAL NO. 2.)






LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT. 
NELSON LAW FIRM, MEXICO (ALLISON J. NELSON OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered October 31, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that the subject children are neglected children and entered a suspended judgment with respect to respondent Jacquelina D. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order entered after a fact-finding hearing that, inter alia, found her two children to be neglected based on respondents' failure to supply them with an adequate education (see Family Ct Act § 1012 [f] [i] [A]). In appeal No. 2, the mother appeals from an order of fact-finding and disposition that adjudged the children to be neglected, ordered that judgment be suspended for a period of six months, and stated a number of conditions with which respondents were to comply during that period. The order in appeal No. 2 was silent as to what would occur at the conclusion of the six-month period upon the mother's compliance with its conditions. After entry of the orders in both appeals and after the conclusion of the six-month period, Family Court, in a subsequent order (later order), determined that the mother had complied with the conditions of the suspended judgment and dismissed the neglect petition. It does not appear on this record that the mother appealed from the later order or moved pursuant to Family Court Act § 1061 to vacate the neglect finding.
The mother's appeal from the order in appeal No. 1 must be dismissed inasmuch as the appeal from the dispositional order in appeal No. 2 brings up for review the propriety of the fact-finding order (see Matter of Lisa E., 207 AD2d 983, 983 [4th Dept 1994]). With respect to appeal No. 2, we note that the mother does not contest the underlying factual finding of neglect or the entry or the conditions of the suspended judgment. Instead, the mother challenges the later order, contending that the court erred in dismissing the neglect petition without also vacating the finding of neglect once it determined that she complied with the conditions of the suspended judgment. The mother contends that dismissal of the petition alone did not remove all negative consequences of the finding of neglect. Inasmuch as the mother fails to challenge any aspect of the order in appeal No. 2, we dismiss the appeal from that order as abandoned (see Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court