Matter of Steeno v Szydlowski (2020 NY Slip Op 01808)





Matter of Steeno v Szydlowski


2020 NY Slip Op 01808


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


915 CAF 18-00060

[*1]IN THE MATTER OF KENDALL STEENO, PETITIONER-RESPONDENT,
v
HILLARY SZYDLOWSKI, RESPONDENT-APPELLANT. 






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
ROSS S. GELBER, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RICHARD L. SULLIVAN OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 11, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner and the subject child's maternal grandmother joint custody of the subject child. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to article 6 of the Family Court Act, respondent mother appeals from an order that awarded joint custody of the subject child to petitioner father and the child's maternal grandmother, along with parenting access for the mother "as the parties agree or stipulate and if there is no such agreement, then [Family Court] w[ould] make a determination of same after a hearing." Our dissenting colleague concludes that this order is not appealable as of right under Family Court Act § 1112 (a) because it is "non-final by its own terms inasmuch as it expressly reserves a non-ministerial issue—i.e., the mother's visitation—to a future stipulation or order" of the court. Assuming, arguendo, that the order on appeal is not final, we deem the mother's notice of appeal an application for leave to appeal from the "non-final" order and, in the exercise of our discretion, we grant leave to appeal (see Family Ct Act § 1112 [a]; see generally Matter of Erie County Dept. of Social Servs. v Alvin E., 231 AD2d 960, 960-961 [4th Dept 1996]; Matter of Erie County Dept. of Social Servs. v Abdallah, 187 AD2d 967, 967-968 [4th Dept 1992]; Matter of Stuckey v Stackpole, 179 AD2d 1001, 1001 [4th Dept 1992]).
With respect to the merits of the mother's contentions regarding the court's award of joint custody to the father and the maternal grandmother, we conclude that the court failed to set forth "those facts upon which the rights and liabilities of the parties depend" (Matter of Valentin v Mendez, 165 AD3d 1643, 1643-1644 [4th Dept 2018] [internal quotation marks omitted]), specifically its analysis of whether extraordinary circumstances existed to warrant an inquiry into whether an award of joint custody to the maternal grandmother was in the best interests of the child. " It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child' " (Matter of Wolfford v Stephens, 145 AD3d 1569, 1569-1570 [4th Dept 2016]). Thus, we agree with the mother that the court erred in not determining whether extraordinary circumstances existed before awarding joint custody to the maternal grandmother. The maternal grandmother here had the burden of establishing extraordinary circumstances, [*2]which remains the case "whether the nonparent is seeking sole custody or joint custody with one of the parents" (Matter of Amanda B. v Anthony B., 13 AD3d 1126, 1126 [4th Dept 2004]).
We conclude that " [t]he absence of the required findings precludes proper appellate review' " (Matter of Russell v Banfield, 12 AD3d 1081, 1081 [4th Dept 2004]) and, under the circumstances of this case, we decline to exercise our power to review the record and make our own findings (cf. Amanda B., 13 AD3d at 1127). We therefore hold the case, reserve decision, and remit the matter to Family Court to set forth its findings regarding extraordinary circumstances.
All concur except Curran, J., who dissents and votes to dismiss the appeal in the following memorandum: I respectfully dissent and would dismiss respondent mother's appeal because the order on appeal is not appealable as of right under the Family Court Act. Pursuant to Family Court Act § 1112 (a), an "appeal may be taken as of right from any order of disposition." It is well established that "[a]n order of disposition' is synonymous with a final order or judgment" (Firestone v Firestone, 44 AD2d 671, 672 [1st Dept 1974]; see Ocasio v Ocasio, 49 AD2d 801, 801 [4th Dept 1975], appeal dismissed 37 NY2d 921 [1975]; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1112 at 254-255 [2010 ed]). Thus, "the scope of appeals which may be taken as of right under the Family Court Act provision is narrower than those authorized under" CPLR 5701 (a) (2) because the Family Court Act—subject to limited exceptions not relevant here—"requires finality as a prerequisite to appealability as of right" (Ocasio, 49 AD2d at 801).
Here, I conclude that the order on appeal is not "final." "[A] final order is one that . . . [, inter alia,] leaves nothing for further judicial action apart from mere ministerial matters" (Town of Coeymans v Malphrus, 252 AD2d 874, 875 [3d Dept 1998]; see generally Abasciano v Dandrea, 83 AD3d 1542, 1543 [4th Dept 2011]). The order in this case is non-final by its own terms inasmuch as it expressly reserves a non-ministerial issue—i.e. the mother's visitation—to a future stipulation or order of Family Court. Indeed, while this appeal was pending, the court entered an order resolving issues concerning the mother's visitation with the child. In my view, it is that order which constituted the final order in this proceeding, and our review of the order on appeal would have to be predicated on the familiar principles of CPLR 5501 (a) (1)—made applicable here under Family Court Act § 1118—allowing this Court to review on appeal from a final order any non-final orders necessarily affecting the final order (see Matter of James L. [appeal No. 2], 74 AD3d 1775, 1775 [4th Dept 2010]; Matter of Gentry v Littlewood, 269 AD2d 846, 847 [4th Dept 2000]). I note that, although the subsequent order was entered upon her default, the mother could have appealed from it and sought review on that appeal of matters that were the "subject of contest," including the order resolving the custody dispute (James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]).
By reviewing the merits of the mother's contention with respect to the order on appeal, the majority has tacitly concluded that it is a final order under Family Court Act § 1112, even though that paper
" did not dispose of all the factual and legal issues raised in this action' " (Abasciano, 83 AD3d at 1544, quoting Malphrus, 252 AD2d at 875 [emphasis added]). Absent a consistent and predictable means of defining and applying what is an "order of disposition" under Family Court Act § 1112 (a), practitioners face traps for the unwary (see e.g. Matter of Janette G. [Julie G.] [appeal No. 1], 166 AD3d 1544, 1545 [4th Dept 2018]; Matter of Jones v Tisdell, 239 AD2d 966, 966 [4th Dept 1997]; see generally Abasciano, 83 AD3d at 1544-1545).
My focus on the procedural aspects of this appeal is not meant to require pristine practice or to ignore the demanding realities of litigation; rather, by concluding that the order on appeal is non-final, I seek only to emphasize my view that provisions such as Family Court Act § 1112 exist to preserve fairness and consistency and give the trial court the first chance to resolve the matter. Here, the plain text of the order on appeal indicates that it is not final. I would not ignore that language even if it demands dismissal of this appeal.
Unlike the majority, I see no reason, under the circumstances of this case, to deem the notice of appeal an application for leave to appeal from the non-final order and to exercise our discretion by granting leave to appeal therefrom (see generally Family Ct Act § 1112 [a]). The mother has made no application for leave to appeal (see Ocasio, 49 AD2d at 801), and she has [*3]not presented any excuse or explanation for her failure to so move or for her failure to follow proper procedure (see Matter of Manuel P.A. v Emilie B., 146 AD3d 697, 698 [1st Dept 2017], appeal dismissed 30 NY3d 1096 [2018], rearg denied 31 NY3d 1062 [2018]; cf. Matter of Kahlisha K.J. v Eddie R.,
167 AD3d 439, 439 [1st Dept 2018]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court