Matter of Hilkert v Parsons-O'Dell (2020 NY Slip Op 05660)





Matter of Hilkert v Parsons-O'Dell


2020 NY Slip Op 05660


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


850 CAF 19-01997

[*1]IN THE MATTER OF SUSAN Y. HILKERT, PETITIONER-RESPONDENT,
v
LAURIE PARSONS-O'DELL, RESPONDENT-RESPONDENT, AND ANTHONY HEAD, RESPONDENT-APPELLANT.
IN THE MATTER OF ANTHONY HEAD, PETITIONER-APPELLANT,
v
LAURIE PARSONS-O'DELL AND SUSAN Y. HILKERT, RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 






RYAN JAMES MULDOON, AUBURN, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT. 
ROBERT A. DINIERI, CLYDE, ATTORNEY FOR THE CHILD.
EDWIN P. FRICK, SODUS, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered September 3, 2019 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that petitioner-respondent Susan Y. Hilkert and respondent-petitioner Anthony Head shall share joint custody of the subject children. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the oldest child of respondent-petitioner is unanimously dismissed and the order is affirmed without costs.
Memorandum: Respondent-petitioner father appeals from an order that, inter alia, awarded the father and petitioner-respondent maternal grandmother (grandmother) joint legal custody of the two subject children, with primary physical custody to the grandmother. Initially, we dismiss as moot the appeal from the order insofar as it concerns the oldest child because he has attained the age of majority (see Matter of Susan T. v Crystal T., 175 AD3d 1829, 1830 [4th Dept 2019]).
Contrary to the father's contention, the grandmother met her burden of establishing that extraordinary circumstances exist to warrant an inquiry into whether it is in the best interests of the younger child (child) to award her custody (see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]). "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child" (Matter of Steeno v Szydlowski, 181 AD3d 1224, 1225 [4th Dept 2020] [internal quotation marks omitted]). "Examples of extraordinary circumstances found by courts include prolonged separation, disruption of custody for a prolonged period of time and attachment of the child to the custodian . . . , sibling separation . . . , [*2]psychological bonding of the child to the custodian and potential harm to the child . . . , the biological parent's abdication of parental rights and responsibilities . . . and the child's poor relationship with the biological parent" (Matter of Banks v Banks, 285 AD2d 686, 687 [3d Dept 2001]). Here, the evidence at the hearing established that the child's biological mother is deceased, respondent Laurie Parsons-O'Dell, who previously had custody of the child, relinquished custody, and the father had gone years without seeing the child.
It is well settled that, "once extraordinary circumstances are found, the court must then make the disposition that is in the best interest[s] of the child" (Bennett, 40 NY2d at 548), and we conclude that Family Court's custody determination is in the child's best interests (see Matter of Stent v Schwartz, 133 AD3d 1302, 1303 [4th Dept 2015], lv denied 27 NY3d 902 [2016]). Here, the evidence at the hearing established that the child has been doing well in school while living with the grandmother pursuant to a temporary order, and the grandmother appears to be willing to foster a relationship between the child and the father. The father, on the other hand, had only just before the hearing reconnected with the younger child, and the father's request for physical custody of the child, which would require the child to move to the father's residence in South Carolina, is against the child's wishes.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court